1  Gary M. Anderson (State Bar No. 97385)
   Jessica Brookhart-Knost (State Bar No. 246244)
2  FULWIDER PATTON LLP
   Howard Hughes Center
3  6060 Center Drive, Tenth Floor
   Los Angeles, CA 90045
4  Telephone: (310) 824-5555
   Facsimile: (310) 824-9696
5  litdocketla@fulpat.com

6  Attorneys for Rally Manufacturing, Inc.

7

8                  UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 JENS ERIK SORENSEN, as Trustee of          CASE NO. 08-CV-00305 BTM CAB
   SORENSEN RESEARCH AND
12 DEVELOPMENT TRUST                           **MEMORANDUM OF POINTS AND**
                                               **AUTHORITIES IN SUPPORT OF**
13                                             **MOTION TO STAY**

14              Plaintiff,                      **NO ORAL ARGUMENT UNLESS**
                                               **REQUESTED BY COURT**
15         v.

16 Rally Manufacturing, Inc., a Florida
   corporation
17
                Defendant.
18

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

## I.    INTRODUCTION

Defendant Rally Manufacturing, Inc. (hereinafter "Rally"), on its own behalf and on behalf of DOES 1-100, respectfully moves the Court to stay this litigation, including any obligation to answer or otherwise plead to Plaintiff's Complaint for Patent Infringement ("Complaint"), pending the outcome of the U.S. Patent and Trademark Office's reexamination of claims of U.S. patent no. 4,935,184 (the '184 Patent"), reexamination control number 90/008,775.

On August 7, 2006, Plaintiff, Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("Sorensen"), filed a patent infringement lawsuit against defendants The *Black & Decker Corporation, et al.* in this Court. The *Black & Decker* case was assigned to this Court, Case No. 06-cv-1572, and is a case related to the present lawsuit, by virtue of the fact that the same `184 Patent forms the basis of Sorensen's patent infringement allegations in both lawsuits. Particularly, in its complaint against Black & Decker, Sorensen alleges that certain products sold and offered for sale by the Black & Decker defendants infringe the claims of the `184 Patent, just as Sorensen alleges against Rally in the present lawsuit.  On July 31, 2007, Black & Decker asked the Patent and Trademark Office ("PTO") to reexamine claims of the '184 Patent because certain prior art references, many never before considered by the PTO when it originally examined the patent application that became the `184 Patent, raise substantial new questions regarding the patentability of the claims of the `184 Patent.  These substantial questions arise at least in part in light of the Supreme Court's 2007 KSR decision regarding the invalidity of patent claims because of obviousness, *KSR Int'l Co. v. Teleflex, Inc.*, ___ U.S. ___, 127 S. Ct. 1727 (2007).  The reexamination request was granted October 11, 2007.  See Declaration of Matthew Stavish appended hereto, Paragraph 3 and Exhibit B thereto. ( hereinafter "Stavish Dec.").

On August 31, 2007, Black & Decker moved to stay all proceedings in its lawsuit until the PTO completed its reexamination process. When Black & Decker

1  filed its motion to stay, Sorensen and Black & Decker had already engaged in
2  substantial discovery, including depositions.  A *Markman* hearing to construe the
3  claims of the '184 Patent was scheduled for November 2007, as the case had been
4  pending for over a year at that point in time.  On September 10, 2007, and before the
5  PTO even decided that it would reexamine the '184 Patent, this Court granted Black
6  & Decker's request and stayed the proceedings in the *Black & Decker* case. *See*
7  *Sorensen v. The Black & Decker Corp., et al.*, case no. 06-CV-1572 BTM (S.D. Cal.
8  Sept. 10, 2007) ( Dkt. No. 243) Stavish Dec.,  2, Ex. A.  The Court particularly
9  noted the "'liberal policy' in favor of granting motions to stay pending the outcome
10  of PTO reexamination proceedings" and that "the stay will result in the
11  simplification of issues in this case." (Id., pp. 5, 8).  On October 11, 2007, the PTO
12  agreed with Black & Decker, and found that the prior art references cited by Black
13  & Decker presented substantial new questions relating to the patentability of the
14  claims of '184 Patent.  *See Order Granting/Denying Request for Reexamination*,
15  October 11, 2007, p1. Stavish Dec.,  3, Ex. B.  As such, the PTO granted Black &
16  Decker's Reexamination Request and decided to reexamine claims 1, 2, 4 and 6 to
17  10 of the '184 Patent. (*Id.*, p. 2).  Claim 1 is the only independent claim of the '184
18  Patent.

19      Yet, over four (4) months after the PTO decided to reexamine the claims of
20  the '184 Patent, on February 15, 2008 and after the '184 Patent had expired,
21  Sorensen filed the Complaint against Defendant Rally and otherwise unidentified
22  DOES 1-100 initiating the present lawsuit. (Case no. 08-cv-00305, Dkt. No. 1).  In
23  the Complaint, Sorensen alleges that Rally and the other defendants infringe claims
24  of the `184 Patent (there is only one independent claim in the `184 Patent, and it is
25  one of the claims that is being reexamined by the PTO) through Rally's sale, offer
26  for sale, and importation of the Rally Spotlight identified in the notice letter of
27  November 1, 2005. (Dkt. No. 1,  10-17).  Because this case has just been initiated,
28  the parties have not exchanged any Rule 26(a) disclosures, discovery has not yet

1   even begun, and no schedules have been issued or discussed, including a discovery

2   schedule, a pretrial schedule, or a trial schedule.  In other words, this case is in its

3   very preliminary stages, and, in fact, is nowhere near the stage *The Black & Decker*

4   case was at the time this Court stayed that lawsuit because of the PTO's request for

5   reexamination of the `184 Patent, a request since granted.  Therefore, staying this

6   lawsuit is particularly warranted, especially considering the current state of this case

7   and the pending reexamination.

8        Moreover, as set forth in greater detail below, a stay will necessarily conserve

9   the Court's and the parties' resources, and will provide the benefit of allowing the

10  PTO to substantially simplify, if not totally eliminate, various issues in this case.

11  Also, because the `184 Patent automatically expired February 5, 2008 (before the

12  Complaint herein was filed), Sorensen will not be prejudiced by staying this lawsuit

13  pending the outcome of the PTO's reexamination of the '184 Patent, because he

14  would be unable to obtain any injunctive relief.  Plaintiff will still be afforded an

15  adequate remedy at law in the form of monetary damages, should the numerous

16  hurdles confronting Plaintiff be overcome.

17       As such, and as discussed below, Defendants' motion to stay should be

18  granted.

19  **II.   THE LEGAL STANDARD FAVORS STAYING THIS**
20         **LITIGATION PENDING THE PATENT OFFICE'S**
           **REEXAMINATION OF THE '184 PATENT**
21

22       "Courts have inherent power to stay an action pending conclusion of PTO

23  reexamination proceedings. "*Sorensen*, No. C 06-1572 BTM, p. 5 (citing *Ethicon v.*

24  *Quigg*, 849 F.2d 1422,1426-27 (Fed. Cir 1988)) (Stavish Dec.,  2, Ex. A).  Staying a

25  lawsuit pending outcome of the Patent Office's reexamination of the '184 Patent is

26  soundly within the Court's discretion.  *Id.*, (internal cites omitted).  In fact, "there is

27  a 'liberal policy' in favor of granting motion to stay pending the outcome of PTO

28  reexamination proceedings." *Id*.; *ASCII Corp. v. STD Entertainment USA, Inc.*, 844

F. Supp. 1378, 1381 (N.D. Cal. 1994); *see also Photoflex Prods. v. Circa 3 LLC*, No. C 04-03715 JSW, 2006 U.S. Dist. LEXIS 37743, at *3 Cal. May 24, 2006) (Stavish Dec., 2, Ex. C.).

As set forth by this Court when it stayed the *Sorensen v. The Black & Decker Corp.* case, three factors generally dictate when to stay litigation pending reexamination:

> In determining whether to stay litigation pending reexamination by the PTO, courts generally consider the following factors: (1) the stage of litigation, i.e., whether discovery is almost complete and whether a trial date has been set; (2) whether a stay would cause undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether a stay will simply the issues in question and trial of the case.

*Id.*, citing *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999); *see also Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *3.

As set forth in greater detail below, each of these three factors heavily favors granting Defendants' motion to stay this lawsuit until after the PTO finishes its reexamination of '184 Patent. *Cf. Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *3-8.

### A.  FACTOR ONE FAVORS STAYING THIS LITIGATION BECAUSE DISCOVERY HAS NOT YET BEGUN

Sorensen filed the Complaint against Rally on February 15, 2008 and neither Rally nor DOES 1-100 has yet filed an Answer. As such, this case is in its very preliminary stages of litigation, which heavily favors staying this case. (*See Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *4 ("[T]he fact that this case is still in the early stages and the parties have not yet conducted `significant discovery' or invested substantial expense' into the litigation weighs in favor of granting a stay")).  For example: (a) the parties have not yet invested any significant expenses into this litigation; (b) Rally has not yet even answered or filed any other pleading in

1  response to Sorensen's Complaint; (c) the parties have not yet exchanged any Rule

2  26(a) disclosures, let alone conducted any discovery; (d) a discovery schedule has

3  not even been established, let alone have the parties even discussed a proposed

4  schedule; and (e) a trial date has not even been contemplated, let alone set.

5      Accordingly, factor one weighs heavily in favor of granting Defendants'

6  motion to stay this lawsuit. (*See Sorensen*, No. C 06-1572 BTM, *5-6 (Dkt. No.

7  243); *Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *4).

8  **B.    CONSIDERING SORENSON'S PROTRACTED DELAY IN**
       **INITIATING LITIGATION, SORENSEN WILL SUFFER NO**
9      **PREJUDICE AWAITING THE PTO'S DECISION**

10

11      As admitted in the Complaint in Paragraph 14, Sorenson first accused Rally

12  of infringing the '184 Patent by letter of November 1, 2005 (Stavish Dec.,  6, Ex. E).

13  Indeed, the product accused of infringement in the notice letter; i.e., "Rally

14  Rechargeable Spotlight" is the very product identified in the Complaint at Paragraph

15  11.  In short, despite the accusation of infringement by that Rally product in

16  November 2005, Sorenson waited until February 15, 2008, approximately 27

17  months, before filing its Complaint.  Sorenson's delay makes abundantly clear that it

18  will suffer no prejudice by awaiting the PTO's decision in the reexamination before

19  reopening this case.

20      Sorensen will suffer no prejudice if this lawsuit is stayed pending the outcome

21  of the PTO's reexamination of the claims of the '184 Patent, because Sorensen has

22  waited more than 27 months to bring this lawsuit since accusing Rally of

23  infringement.  The '184 Patent has expired, so Sorensen is only entitled to monetary

24  damages if infringement of a valid claim is found.  Sorenson can no longer secure

25  injunctive relief because the patent has expired.  Since Sorensen waited more than

26  27 months to bring this action, a stay will not disrupt any remedy available to

27  Sorensen.

28      As set forth above, the parties have not conducted any discovery, so Sorensen

1   has not yet expended any substantial expense or time in this litigation. (*See*

2   *Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *5) ("Granting a stay does not

3   cause the nonmoving party undue prejudice when that party has not invested

4   substantial expense and time in the litigation.").  Moreover, while "Courts also

5   consider evidence of dilatory motives or tactics, such as when a party unduly delays

6   in seeking reexamination," such dilatory motives or tactics are clearly not at issue

7   here. (*Id.*).  In fact, Rally was not the party that asked the PTO to reexamine the

8   claims of the '184 Patent – Black & Decker did because of the patent infringement

9   lawsuit that Sorensen brought against it in this Court. Simply put, "this is not a case

10   where reexamination is sought on the eve of trial or after protracted discovery."

11   (*Id.*).

12        Importantly, Sorensen's claim against Rally in this lawsuit is solely for

13   monetary damages.  Particularly, the `184 Patent expired as a matter of law

14   February 5, 2008, before the Complaint was even filed.  Thus Sorensen cannot

15   enjoin Rally from continuing to sell the accused product as there is no longer a

16   patent in force that could support award of an injunction. 35 U.S.C. § 283.  Yet,

17   assuming that: (a) the claims of the `184 Patent survive the reexamination (which,

18   set forth below, is unlikely); (b) Sorensen can prove that Rally infringed valid

19   claims of the '184 Patent; and (c) Sorensen can overcome Rally's defenses,

20   Sorensen may still be eligible to collect monetary damages. (*See Sorensen*, No. C

21   06-1572 ITM, (Dkt. No. 243), *7 (Granting motion to stay pending completion of

22   reexamination, because "[j]ust as in Broadcast, the answer here is clearly [Sorensen]

23   does have an adequate remedy" even if the case is stayed)). Therefore, Sorensen will

24   suffer no prejudice if this case stayed.

25        In fact, the parties - including Sorensen - would only benefit from a stay of

26   this lawsuit until after the conclusion of the PTO's reexamination of the '184 Patent.

27   As set forth in greater detail below, staying this lawsuit until after the reexamination

28   proceeding is complete would likely eliminate the need for the parties, and the

1 Court, to expend substantial resources relating to motion practice and discovery

2 because the PTO will determine if the claims of the '184 Patent remain patentable.

3 Indeed, after the reexamination proceeding, Sorensen may be forced to dismiss his

4 complaint against Rally altogether.

5      Lastly, any purported prejudice caused by staying this proceeding because of

6 the inherent delay while the PTO reexamines the claims of the '184 Patent, which

7 typically takes about 17 to 22 months, is inconsequential in light of Sorenson's 27

8 month delay prior to initiating litigation and does not warrant denying Defendants'

9 motion to stay. (*See Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *5.) ("The

10 delay inherent to the reexamination process does not constitute, by itself, undue

11 prejudice.")).  This is particularly true here, since Sorenson waited more than 27

12 months to bring this action after first notifying Rally on November 1, 2005 with his

13 claim of infringement.

14      Accordingly, factor two weighs heavily in favor of granting Rally's motion to

15 stay this lawsuit. (*See Sorensen*, No. C 06-1572 BTM, pp. 6-7 (Dkt. No. 243) (Exh.

16 A); *Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *5-6).

17 **C.   <u>FACTOR THREE FAVORS STAYING THIS LAWSUIT
18       BECAUSE THE REEXAMINATION WILL SUBSTANTIALLY
         SIMPLIFY, IF NOT ELIMINATE, THE ISSUES FOR TRIAL</u>**

19

20      "One purpose of the reexamination procedure is to eliminate trial (when the

21 claim is cancelled) or facilitate trial of that issue by providing the district court with

22 the expert view of the PTO when a claim survives the reexamination proceedings."

23 *Gould v. Control Laser Corp.*, F.2d 1340, 1342 (Fed. Cir. 1983). Significantly, if the

24 PTO determines that the claims of the `184 Patent are invalid during the

25 reexamination proceeding, Sorensen cannot amend the claims to overcome that

26 invalidity because the '184 Patent expired in February 2008 - he can only cancel the

27 invalid claims.  (*See Sorensen*, No. C 06-1572 BTM, *9 (Dkt. Nc. 243)). Therefore,

28 a stay of this lawsuit will significantly simplify the issues for trial, and, more likely,

1  totally eliminate the need for this case to proceed at all.

2      Specifically, the PTO's rules do not allow any amendments to the claims

3  during a reexamination after a patent has expired:

4      *No enlargement of claim scope.* No amendment may enlarge the scope of the
       claims of the patent or introduce new matter. <u>No amendment may be</u>
5      <u>proposed for entry in an expired patent. Moreover, no amendment, other than</u>
6      <u>the cancellation of claims, will be incorporated into the patent by a</u>
       <u>[reexamination] certificate issued after the expiration of the patent</u>.
7

8      37 C.F.R. § 1.530(j) (emphasis added).

9      Moreover, even though the reexamination proceeding of the `184 Patent is

10 conducted with "special dispatch," it is not plausible for the PTO to issue any

11 reexamination certificate before the '184 Patent expires, since it already expired

12 February 5, 2008, as the typical reexamination proceeding lasts 17 to 22 months.

13 (Stavish Dec., 5, Ex. D).  Importantly, based on the PTO's record of finding claims

14 invalid during reexamination proceedings, there is about a 70% chance that no claim

15 of the `184 Patent will survive the reexamination proceeding because it expired

16 February 5, 2008[1].  Simply put - the '184 Patent will "live or die" as a result of the

17 reexamination proceeding. Therefore, the PTO's reexamination of the '184 Patent

18 will likely negate the need for this lawsuit to continue at all. (*See In re Cygnus*

19 *Telecommunications Tech., LLC Patent Litigation*, 385 F. Supp. 3d 1022, 1023

20 (N.D. Cal. 2005) ("[A] stay is particularly justified where the outcome of the

21 reexamination would likely assist the court in determining patent validity and, if the

22 claims were cancelled in the reexamination, would eliminate the need to try the

23 infringement issues.")).

24 _____

25 [1] Per the Patent Office's report titled *'Ex Pane Reexamination Filing Data – June 30,*
26 *2006"*, approximately 70% of issued reexamination certificates resulted in claim
   changes.  However, because the '184 Patent automatically expired in February 2008,
27 as discussed above, Sorensen will not be able to make those changes, but will
   instead be required to cancel those claims.  (See Exh. D to Stavish Decl.).
28

1    Importantly, any delay caused by a stay of this litigation "is more than offset

2 by increased certainty of whether this single patent [the '184 Patent] will survive

3 reexamination and whether there will be any need for litigation." (*Nanometrics*,

4 2007 U.S. Dist. LEXIS 18785 at *10). On the other hand, if this case is not stayed

5 during the reexamination proceeding, there is a significant risk of expending

6 substantial resources through discovery and motion practice regarding claims of the

7 '184 Patent that may ultimately be cancelled by the PTO. (*Cf Photoflex Prods.*, 2006

8 U.S. Dist. LEXIS 37743, at *6 ("The Court finds that such a stay will simplify the

9 issues and streamline the trial, thereby reducing the burden on, and preserving the

10 trees of both the parties and the Court.")).  For example, the parties may conduct

11 substantial discovery regarding the construction of the claims of the '184 Patent, but

12 the claim terms that ultimately require construction, and how those terms are to be

13 construed, may require modification as a result of  the PTO's reexamination

14 proceeding; or, the parties may conduct substantial discovery regarding products

15 that are clearly no longer covered by the claims of the `184 Patent because of the

16 reexamination proceeding.

17    Lastly, as recognized by this Court when it stayed the *Sorensen v. Black &*

18 *Decker* lawsuit, staying this lawsuit pending the outcome of the reexamination

19 proceeding has many advantages; including:

20    1.    Prior art presented to the Court may have been first considered by the

21        PTO, with its particular expertise;

22    2.    Many discovery problems relating to prior art can be alleviated by the

23        PTO examination;

24    3.    In those cases resulting in effective invalidity of the patent, the suit will

25        likely be dismissed;

26    4.    The outcome of the reexamination may encourage a settlement without

27        the further use of the Court;

28    5.    The record of reexamination would likely be entered at trial, thereby

1    reducing the complexity and length of the litigation;

2    6.    Issues, defenses and evidence will be more easily limited in final

3    pretrial conference after a reexamination;

4    7.    The cost will likely be reduced both for the parties and the Court.

5    (See Sorensen No C 06-1572 BTM, * 8 (Dkt. No. 243)).

6    Accordingly, factor three also weighs heavily in favor of granting Defendants'

7    motion to stay this lawsuit. (*See Sorensen*, No. C 06-1572 BTM, *8 (Dkt. No. 243)

8    (attached as Exh. A to Stavish Decl.)).

9    **CONCLUSION**

10    For the foregoing reasons, Defendant respectfully request that the Court stay

11    the proceedings in this lawsuit, including Defendants' obligations to answer or

12    otherwise plead to Plaintiff's s Complaint, until after the USPTO completes its

13    reexamination of the '184.

14    Respectfully submitted,

15    FULWIDER PATTON, LLP

16    Dated: March 14, 2008    By:

17    s/ Gary M. Anderson
Gary M. Anderson

18    Jessica Brookhart-Knost
Attorneys for Defendant

19

20

21    BERENATO, WHITE & STAVISH

22

23    Matthew Stavish
6550 Rock Spring Drive

24    Suite 240
Bethesda, MD 20817

25    fax 301-896-0607

26    mstavish@bwsiplaw.com
Attorneys for Defendant

27

28

Case No. 08-CV-00305 BTM CAB
Memorandum of Points and Authorities in Support of Motion to Stay
10

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2008 a copy of the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY was this served upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follows:

James Michael Kaler, Esq.
Law Offices of James M. Kaler
9930 Mesa Rim Road, Suite 200
San Diego, CA 92121

Melody A. Kramer, Esq.
Kramer Law Office
9930 Mesa Rim Road, Suite 1600
San Diego, CA 92121

Executed on March 14, 2008 in Los Angeles, California

Carrie L. Rose