Gary M. Anderson (State Bar No. 97385)
Jessica Brookhart-Knost (State Bar No. 246244)
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, CA 90045
Telephone: (310) 824-5555
Facsimile: (310) 824-9696
litdocketla@fulpat.com

Attorneys for Rally Manufacturing, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST<br><br>Plaintiff,<br><br>v.<br><br>Rally Manufacturing, Inc., a Florida corporation<br><br>Defendant. | CASE NO. 08-CV-00305 BTM CAB<br><br>Judge Barry Ted Moskowitz<br>Magistrate Judge Cathy Ann Bencivengo<br>Courtroom: 15<br><br>Date:   April 25, 2008<br>Time:   11:00 am<br><br>**Notice of Motion and Motion to Stay Litigation Pending the Outcome of the U.S. Patent and Trademark Office Rexamination Proceedings for the Patent-In-Suit**<br><br>**No Oral Argument Unless Requested By Court** |

To Plaintiff and Attorneys of Record:

**PLEASE TAKE NOTICE THAT** on April 25, 2008 at 11:00 am, the Court, located at Courtroom 15, 880 Front Street, San Diego, California 92101, will take Defendant Rally Manufacturing Inc.'s, and DOES' 1-100, ("Rally") Motion to Stay this litigation, including any obligation to answer or otherwise please to Plaintiff's complaint, on the grounds that the patentability of the claims of U.S. patent no. 4,935,184 (the "'184 Patent"), which forms the sole basis of Plaintiff's patent

infringement allegations against Defendant in this case, is currently being reexamined by the U.S. Patent and Trademark Office ("Patent Office") under submission.

A stay of this litigation is particularly warranted, considering that: (a) on October 31, 2007, the Patent Office determined that there are substantial new questions relating to the patentability of the claims of the '184 Patent; (b) Sorensen filed his complaint on February 15, 2008, Rally has not answered, and the parties have not yet begun to incur substantial expenses relating to this litigation; (c) the '184 Patent expired February 5, 2008; (d) a discovery schedule in this case has not yet been set, nor have the parties engaged in any fact or expert discovery or exchanged any initial Rule 26 disclosures; (e) a pretrial schedule and a trial date have not been set; and (f) Sorensen will not be prejudiced by a stay of this litigation.

Indeed, a stay of these proceedings will prevent the unnecessary expenditure of resources of both the Court and the parties, because the Patent Office's reexamination of the '184 Patent will likely significantly simplify, if not totally eliminate, many of the issues that will proceed in this case. For example, if the Patent Office finds that the claims of the '184 Patent are invalid, Sorensen cannot amend the claims; instead, he can only cancel those invalid claims because the '184 Patent expired in February 2008. Cancellation of the claims will substantially limit, if not totally eliminate, Sorensen's allegation of patent infringement against Defendant, which may necessarily require the dismissal of Sorensen's entire complaint against Defendant.

Importantly, Sorensen will not be prejudiced if this case is stayed while the Patent Office reexamines the patentability of the claims of the '184 Patent. For example, the '184 Patent automatically expired February 5, 2008, and Sorensen is unable to obtain any injunctive relief for an expired patent.  On the other hand, should the Patent Office confirm the patentability of the claims of the '184 Patent, and should Sorensen successfully prove that Defendants infringed the claims of the

1  '184 Patent, and overcome all of the Defendants' defenses, then Sorensen may be
2  entitled to recover monetary damages. Significantly, Sorensen first contacted
3  Defendant with his claim of infringement on November 1, 2005. Thus, Sorensen
4  waited more than 27 months to bring this action, and he will suffer no prejudice
5  from a stay of litigation.

6      In fact, in the substantially similar, co-pending lawsuit, Sorensen asserted that
7  other, unrelated defendants infringe the claims of the '184 Patent. (See Case no. 06-
8  cv-1572, Dkt. No.1). In that case, this Court granted the defendants' motion to stay
9  the proceedings because the claims of the '184 Patent are being reexamined by the
10 Patent Office. (Case no. 06-cv-1572, Dkt. No.243). Importantly, that case was filed
11 over a year before the Patent Office decided to reexamine the claims of the '184
12 Patent, and the parties had already engaged in substantial fact and expert discovery.
13 Therefore, that lawsuit was much further along the "litigation path," compared to the
14 present lawsuit which was just filed on February 15, 2008.

15     Accordingly, as set forth in Defendants' accompanying Memorandum of
16 Points and Authorities, Defendants respectfully request that the Court stay all
17 proceedings in this lawsuit, including any obligation to answer of otherwise plead to
18 Sorensen's complaint, pending completion of the U.S. Patent Office's reexamination
19 proceeding of the '184 Patent.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1  This motion is based on this Notice of Motion and Motion, the concurrently
2  filed Memorandum of Points and Authorities, the Declaration of Matthew Stavish
3  (including exhibits), the papers and records on file with this Court. Defendants
4  waive oral argument on this motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | FULWIDER PATTON, LLP |
| Dated: March 17, 2008 | By: |
|  | s/ Gary M. Anderson |
|  | Gary M. Anderson |
|  | Jessica Brookhart-Knost |
|  | Attorneys for Defendant |
|  | RALLY MANUFACTURING, INC. |
|  |  |
|  | BERENATO, WHITE & STAVISH |
|  |  |
|  | Matthew Stavish |
|  | Berenato, White & Stavish |
|  | 6550 Rock Spring Drive |
|  | Suite 240 |
|  | Bethesda, MD 20817 |
|  | ph: 301-896-0600 |
|  | fax 301-896-0607 |
|  | mstavish@bwsiplaw.com |
|  | Attorneys for Defendant |
|  | RALLY MANUFACTURING, INC. |

# CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2008 a copy of the foregoing NOTICE OF MOTION AND MOTION TO STAY LITIGATION PENDING THE OUTCOME OF THE U.S. PATENT AND TRADEMARK OFFICE REEXAMINATION PROCEEDING FOR THE PATENT-IN-SUIT was this served upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follows:

James Michael Kaler, Esq.
Law Offices of James M. Kaler
9930 Mesa Rim Road, Suite 200
San Diego, CA 92121

Melody A. Kramer, Esq.
Kramer Law Office
9930 Mesa Rim Road, Suite 1600
San Diego, CA 92121

Executed on March 17, 2008 in Los Angeles, California

*[signature]*

Carrie L. Rose