Gary M. Anderson (State Bar No. 97385)
Jessica Brookhart-Knost (State Bar No. 246244)
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone: (310) 824-5555
Facsimile: (310) 824-9696
litdocketla@fulpat.com

Attorneys for Defendant Rally Manufacturing, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>RALLY MANUFACTURING, INC., a Florida Corporation,<br><br>Defendant. | CASE NO. 08-CV-305 BTM CAB<br><br>Assigned to The Hon. Barry . Moskowitz<br>Dept. 15<br><br>Complaint Filed: February 15, 2008<br><br>Date:   April 25, 2008<br>Time:   11:00 a.m.<br><br>**Defendant's Reply Memorandum of Points and Authorities in Support of Motion to Stay**<br><br>**No Oral Argument Unless Requested by Court** |

## I. INTRODUCTION.

Plaintiff fails to differentiate this case from four other cases which this Court has already stayed pending the reexamination of U.S. Patent No. 4,935,184 ("the '184 patent").[1] The reason is simple. Plaintiff cannot differentiate this case.

---

[1] *Sorensen v. Energizer Holdings, Inc. et al. ("Energizer Holdings")*, Case No. 07-

- 1 –
08-CV-305 BTM CAB

1    Indeed, this Court recently rejected these exact same arguments in *Sorensen v.
2 Energizer Holdings, Inc. et al. ("Energizer Holdings")*, Case No. 07-cv-2321 BTM
3 (CAB), Doc. # 33 (S.D. Mar. 19, 2008)(Order, Exhibit 1 to the attached Declaration
4 of Matthew Stavish).

5    Plaintiff's fifteen-page opposition brief boils down to: (1) repetition of
6 arguments already rejected by this Court when it stayed other '184 patent cases; and
7 (2) unreasonable, speculative and self-serving projections regarding the future
8 duration of PTO reexaminations, misleadingly presented in the Summary sections of
9 Plaintiff's brief as historical fact. *See, e.g.,* Opposition Brief at pp. 1 and 4.
10 Plaintiff's conjectures do not justify taking a different course in this case than the
11 Court has taken in *Black & Decker, Giant, Helen of Troy,* and *Energizer Holdings*.

12    The benefits of a stay are concrete and undeniable. Given the proliferation of
13 '184 patent cases Plaintiff has filed before this Court, including some 23 separate
14 cases involving at least as many different sets of parties and products, the judicial
15 economy based arguments for a stay are far more compelling than in the typical case
16 of PTO reexamination of a patent in litigation. As this Court has already
17 acknowledged, a stay would simplify the issues in question and ensure that court
18 and party resources are spent only if trial is necessary. Accordingly, this Court
19 should stay this case pending the PTO's reexamination of the '184 patent.

20    Further, the '184 Patent has expired, therefore, Plaintiff is not entitled to an
21 injunction; only monetary damages are available in this case. A stay will not impact
22 Plaintiff's ability to receive the only remedy available.

---

cv-2321 BTM (CAB), Doc. # 33 (S.D. Mar. 19, 2008); *Sorensen v. Giant Int'l, et al. ("Giant")*, Case No. 07-cv-2121 BTM (CAB), Doc. #28 (S.D. Cal. Feb. 28, 2008); *Sorensen v. Helen of Troy, et al. ("Helen of Troy")*, Case No. 07-cv-2278 BTM (CAB), Doc. #26 (S.D. Cal. Feb 28, 2008); and *Sorensen v. Black & Decker et al. ("Black & Decker")*, Case No. 06-cv-1572 BTM (CAB), Doc. #243 (S.D. Cal. Sept. 10, 2007).

Plaintiff's proposed "limited discovery and motion practice" is actually limitless in scope and is, in fact, pointless until the Patent Office determines if the '184 Patent even has any valid claims to proceed with. The whole point of staying this lawsuit is to avoid the unnecessary expenditure of resources relating to such discovery and motion practice – all of which may prove futile.

## II. PLAINTIFF'S CLAIM OF UNDUE PREJUDICE COLLAPSES UNDER SCRUTINY.

In attempting to establish undue prejudice, Plaintiff points to: (1) a "closer examination"[2] of the <u>same</u> raw data concerning reexamination proceedings that was available to this Court during the pendency of previous motions to stay cases alleging infringement of the '184 patent; and (2) generic speculations about loss of evidence that mirror those rejected by this Court in at least four other cases. Neither argument demonstrates any prejudice beyond that which this Court has already deemed insufficient to preclude a stay.[3] Plaintiff's "new" assertions regarding the likely duration of a reexamination are speculative and built upon demonstrably unreasonable and self-serving assumptions already rejected by this Court. Plaintiff's "new" assertions regarding loss of evidence is untethered to any specific facts concerning this case.

### A. *Plaintiff's analysis of PTO statistics is unpersuasive and contradicted by the PTO's own statements.*

Rather than offer new facts that would justify a departure from precedent, Plaintiff merely repackages the <u>same</u> raw data that was publicly available during the pendency of the motions to stay in *Giant*, *Helen of Troy* and *Energizer Holdings*. Indeed, faced with the exact same data and arguments this Court ordered a stay in

---

[2] Plaintiff's Opposition Brief, at 5.

[3] *See Exhibit 1, Order in Energizer Holdings*, Case No. 07-cv-2321 BTM (CAB), Doc. # 33 (S.D. Mar. 19, 2008).

- 3 –

*Energizer Holdings*, which was decided several weeks before the filing of Plaintiff's Opposition.[4]

Plaintiff's claim that its closer examination of the raw data warrants denial of a stay in this case is both analytically and legally flawed. To begin with, Plaintiff fails to identify a single reexamination that has actually taken five years or longer to complete. Instead, Plaintiff relies on its own self-serving projection of a five year going forward "average" without any consideration to the particulars of the reexamination of the '184 patent.

Even more tellingly, however, Plaintiff's calculation unjustifiably assumes the PTO's resources and productivity will remain static in the face of changing demands,[5] ignoring not just contrary historical data but also the PTO's own contrary statements about its plans and objectives. The raw data cited by Plaintiff shows, for example, that the PTO granted 174 more certificates in 2007 than it did in 2003, suggesting substantially increased resources and productivity in the area of reexamination proceedings over that period.[6] More importantly, recent statements by the PTO's director confirm the PTO's intention to complete reexamination proceedings within two years (not the five years postulated by Plaintiff) and to continue to increase its resources in order to meet its goals.[7]

---

[4] The same data was presented when the Court granted the motion to stay in *Energizer Holdings*.

[5] Plaintiff divides the purported backlog of 1,658 cases by the number of certificates issued in 2007 (367) to arrive at approximately 4.5 years. Declaration of Melody A. Kramer In Support of Opposition to Defendant's Motion to Stay. ("Kramer Decl."), at ¶9.

[6] *See* Kramer Decl., at ¶ 10.

[7] Exhibit 2 to the attached Declaration of Matthew Stavish in Support of Reply Memorandum. The Director of the PTO, Jon W. Dudas, testified that the PTO hired 1,215 additional patent examiners in 2007, and plans to hire an additional 1,200 patent examiners per year going forward. *USPTO Oversight Hearing: Hearing Before the Subcomm. On Court, the Internet, and Intellectual Property*, 110th Cong.

08-CV-305 BTM CAB

Aside from being analytically flawed, Plaintiff's conjecture about the possible length of the PTO reexamination of the '184 patent is legally unavailing. Plaintiff cites no case in which another court has denied a motion to stay because of the length of reexamination proceedings. Indeed, the case upon which Plaintiff heavily relies, *NTP, Inc.*, advises against the course Plaintiff advocates.  The *NTP* court admonished that "any attempt at suggesting a likely time frame and outcome of the PTO Reexamination process is merely speculative." *NTP, Inc. v. Research in Motion, Ltd.*, 397 F. Supp. 2d 785, 788 (E.D. Va. 2005) (denying a stay because the litigation, which was on remand on certain issues following a jury verdict and appeal, was too far advanced).

### B. *Plaintiff's assertions of undue prejudice are generic and speculative.*

Plaintiff fails to identify a single fact indicating it would actually suffer undue prejudice if this case is stayed.  Rather, Plaintiff alludes to vague concerns about the *possible* loss of evidence by the Energizer Defendants and parties that it might add or substitute in this case. These speculations merely reprise the arguments already rejected by this Court in *Energizer Holdings, Black & Decker, Giant,* and *Helen of Troy*. They should likewise be rejected here.

Plaintiff makes no showing whatsoever as to any risk of loss of evidence by the Rally Defendants. Plaintiff's reliance on *Telemac* is therefore inapposite. *See Telemac Corp. v. Teledigital, Inc. et al.,* 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (documented failure to preserve evidence suggested that a stay could lead to further loss of information). If a genuine, documented issue regarding the preservation of evidence arises in the future, Plaintiff can, at that time, move for an exception to the stay. *See, e.g., Giant,* Doc. #27 ("any party may apply to the Court

---

(Feb. 27, 2008)(statement of Jon W. Dudas, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent Office), at 3.  Mr. Dudas further testified that the PTO aims to close prosecution on all ex-parte reexaminations within two years of filing. *Id.* at 12.

for an exception to the stay if it has specific, valid reasons to believe that it needs to obtain discovery in order to preserve evidence that will otherwise be unavailable after the stay").

It is undisputed, however, that the '184 patent has expired; therefore, only monetary damages are available to the Plaintiff.  Injunctive relief is no longer available.

It is further undisputed that Plaintiff waited more than 27 months to bring suit after first notifying Defendant of their allegations of infringement. If Sorensen was truly concerned with any risk of destruction of evidence, he would have initiated this lawsuit when he first notified Defendants of their purported infringement in October 2005 - not waited until after two years later. Other courts have found that similar delays by the patent holder weigh against denying a stay. *See e.g. Ingro v. Tyco Indus.,* 227 U.S.P.Q. 69 (N.D. Ill. 1985).

Likewise, the mere possibility that Plaintiff might add or substitute a party does not create undue prejudice in this case. Nearly identical arguments were considered and rejected in *Giant, Helen of Troy* and *Energizer Holdings*. Plaintiff does not articulate any <u>fact</u> making the addition of substitution of parties any more likely in this case than in *Black & Decker, Giant, Helen of Troy,* or *Energizer Holdings*. Accordingly, this argument is no barrier to the issuance of an order staying this case.

### III. PLAINTIFF'S OPPOSITION IS INCONSISTENT WITH IT'S MOTION TO MODIFY PATENT LOCAL RULES

In it's Opposition to the instant Motion to Stay, Plaintiff argues that the re-examination proceeding in the PTO can be expected to extend up to five (5) years. Yet, it bases it's pending Motion to Modify Patent Local Rules on the premise that it is necessary to shorten Defendant's time to produce its claimed invalidity out from approximately 4 1/2 months from now down to 60 days in order to insure that

- 6 –

08-CV-305 BTM CAB

Plaintiff can submit the prior art to the PTO for consideration in the pending re-examination proceeding. Plaintiff's Motion to Modify Patent Local Rules clearly suggests that the re-examination proceeding will move very quickly, thus requiring the altered schedule. Yet, it now argues that the re-examination proceeding will drag on for years. Plaintiff cannot have it both ways.

### IV. CONCLUSION.

Plaintiff has filed 23 cases in this Court alleging infringement of the '184 patent currently subject to a PTO reexamination. The Court has already granted stays in at least four of those cases. Plaintiff fails to set forth a single <u>fact</u> that would warrant differentiating this case from those in which a stay has been granted. Accordingly, for the foregoing reasons and the reasons stated in their opening brief, Defendants request that this case be stayed pending completion of the PTO's reexamination of the '184 patent.

DATED: April 17, 2008              Respectfully submitted,

                                   FULWIDER PATTON LLP


                                   By:  s/Gary M. Anderson
                                        Gary M. Anderson
                                        Jessica Brookhart-Knost
                                        Attorneys for Defendant Rally
                                        Manufacturing, Inc.

227145.1

# **CERTIFICATE OF SERVICE**

I certify that on **April 17, 2008**, the foregoing was electronically filed the with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participant(s) e-mail address(es) denoted on the attached Electronic Mail Notice List. For Parties who are not Filing Users, I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participant(s), if any, indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **April 17, 2008**.

_____
Carrie Rose

227223.1

# Mailing Information for a Case 3:08-cv-00305-BTM-CAB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Gary M Anderson**
  ganderson@fulpat.com,LitDocketLA@fulpat.com

- **James Michael Kaler**
  michael@kalerlaw.com,funlawguy@yahoo.com

- **Melody A Kramer**
  mak@kramerlawip.com,esbjork@gmail.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)