Gary M. Anderson (State Bar No. 97385)
Jessica Brookhart-Knost (State Bar No. 246244)
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone: (310) 824-5555
Facsimile: (310) 824-9696
litdocketla@fulpat.com

Attorneys for Defendant Rally Manufacturing, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>RALLY MANUFACTURING, INC., a Florida Corporation,<br><br>Defendant. | CASE NO. 08-CV-305 BEN AJB<br><br>**Rally Manufacturing, Inc.'s Answer**<br><br>Assigned to The Hon. Barry . Moskowitz<br>Dept. 15<br>Complaint Filed: February 15, 2008 |

## RALLY MANUFACTURING, INC.'S ANSWER

Defendant Rally Manufacturing, Inc. (hereinafter "Rally"), by and through its undersigned counsel, hereby responds to the Complaint filed by Jens Erik Sorensen as Trustee of the Sorensen Research and Development Trust ("Sorensen") and states as follows:

### ANSWER

1. Rally admits that Sorensen purports to be a California resident and trustee of a trust organized according to California law, but otherwise lacks information and knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and therefore denies the same.

2.  Rally denies the allegations of paragraph 2 of the Complaint.

3.  Rally lacks information and knowledge sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and therefore denies the same.

4.  Rally lacks information and knowledge sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore denies the same.

5.  Rally admits the allegations contained in paragraph 5.

6.  In response to paragraph 6 of the Complaint, Rally admits that venue is proper in this district. Rally denies each remaining allegation contained in paragraph 6.

7.  Rally admits that it is subject to personal jurisdiction in this court. Rally denies each remaining allegation contained in paragraph 7.

8.  In response to paragraph 8 of the Complaint, Rally repeats and incorporates herein its responses to paragraphs 1-7.

9.  Rally admits the allegations contained in paragraph 9.

10. Rally denies each and every allegation contained in paragraph 10.

11. In response to paragraph 11 of the Complaint Rally admits that in Sorensen's complaint Sorensen alleges that Rally's Accused Product has been called the RALLY RECHARGEABLE SPOTLIGHT by Sorensen. Rally lacks sufficient knowledge or information regarding all of Rally's products manufactured utilizing "similar processes" and therefore denies each remaining allegation contained in paragraph 11.

12. In response to paragraph 12 of the Complaint, Rally admits that it has no license under the '184 patent.

13. Rally lacks sufficient knowledge or information regarding the marking activities of Sorensen required for constructive notice and therefore denies each and every allegation of paragraph 13.

14. In response to paragraph 14 of the lawsuit Rally admits that Sorensen sent a notice letter to Rally dated November 1, 2005, but Rally lacks information

and knowledge to confirm the date the letter was actually received by Rally. Rally admits and acknowledges receipt of said letter.

15. Rally admits the allegations contained in paragraph 15.

16. Rally denies each and every allegation contained in paragraph 16.

17. In response to paragraph 17 of the Complaint, Rally admits that it has no license under the '184 patent but denies that its products are manufactured through use of the '184 patented process.

18. Rally admits that the November 1, 2005 letter included a drawing and claim chart but it denies each remaining allegation and assertion contained in paragraph 18.

19. Rally denies each and every allegation contained in paragraph 19.

20. Rally admits the allegations contained in paragraph 20.

21. Rally denies each and every allegation contained in paragraph 21.

22. Rally denies each and every allegation contained in paragraph 22.

23. Rally denies each and every allegation contained in paragraph 23.

24. Rally denies each and every allegation contained in paragraph 24.

25. Rally denies each and every allegation contained in paragraph 25.

26. Rally denies each and every allegation contained in paragraph 26.

27. Rally denies each and every allegation contained in paragraph 27.

28. Rally denies each and every allegation contained in paragraph 28.

## AFFIRMATIVE DEFENSES

Rally hereby asserts the following affirmative defenses without prejudice to Rally's right to modify or withdraw any defense and/or assert additional defenses, subject to information obtained through the formal discovery process.

### First Affirmative Defense

Rally has not infringed, either literally or under the doctrine of equivalents, any valid claim of the '184 patent.

**Second Affirmative Defense**

The '184 patent, and each and every claim thereof, is invalid for failure to comply with the conditions for patentability set forth in Title 35, United States Code, including without limitation §§ 102, 103, and 112

**Third Affirmative Defense**

Sorensen's claims are barred by the doctrine of estoppel.

**Fourth Affirmative Defense**

Sorensen's claims are barred by the doctrine of laches.  Sorensen has had knowledge of Rally actions since at least November 2005.

**Fifth Affirmative Defense**

Sorensen has failed to meet its burden under 35 U.S.C. § 295.

**PRAYER FOR RELIEF**

Defendant Rally Manufacturing, Inc. hereby prays for relief as follows:

1. That Plaintiff's Complaint be dismissed with prejudice.

2. That Defendant Rally Manufacturing, Inc. be held not to have infringed U.S. Patent No. 4,935,184.

3. That U.S. Patent No. 4,935,184 be held invalid.

4. That Defendant Rally Manufacturing, Inc. be awarded its reasonable attorneys fees and costs in defending this action.

5. For such other relief as the Court deems proper.

DATED: June 26, 2008          Respectfully submitted,

FULWIDER PATTON LLP


By: s/Gary M. Anderson/
    Gary M. Anderson
    Jessica Brookhart-Knost
    Attorneys for Defendant Rally
    Manufacturing, Inc.

# CERTIFICATE OF SERVICE

I certify that on **June 26, 2008**, the foregoing **RALLY MANUFACTURING, INC.'S ANSWER** was electronically filed the with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participant(s) e-mail address(es) denoted on the attached Electronic Mail Notice List.  For Parties who are not Filing Users, I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participant(s), if any, indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 26, 2008.

_____
Carrie L. Rose

# Mailing Information for a Case 3:08-cv-00305-BTM-CAB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Gary M Anderson**
  ganderson@fulpat.com,LitDocketLA@fulpat.com

- **James Michael Kaler**
  michael@kalerlaw.com,funlawguy@yahoo.com

- **Melody A Kramer**
  mak@kramerlawip.com,esbjork@gmail.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)