Gary M. Anderson (State Bar No. 97385)
Jessica Brookhart-Knost (State Bar No. 246244)
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone: (310) 824-5555
Facsimile: (310) 824-9696
litdocketla@fulpat.com

Attorneys for Defendant Rally Manufacturing, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>RALLY MANUFACTURING, INC., a Florida Corporation,<br><br>Defendant. | CASE NO. 08-CV-305 BTM-CAB<br><br>**Defendant Rally Manufacturing, Inc.'s Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Exception to Stay to Preserve Evidence**<br><br>Date: August 20, 2008<br>Time: 10:30 a.m.<br>Crtrm.: 15<br>Assigned to The Hon. Barry T. Moskowitz<br><br>*Oral Argument Requested by Plaintiff* |

## I. INTRODUCTION

Defendant Rally Manufacturing, Inc. (hereinafter "Rally"), on its own behalf and on behalf of DOES 1-100, respectfully opposes Plaintiff's motion for exception to the stay issued by this Court. Specifically, Plaintiff has filed a motion to preserve evidence <u>both</u> within Defendant's control <u>and</u> in the possession of unrelated and unnamed third parties. Plaintiff's motion is based upon a baseless insinuation that

Defendant Rally cannot be relied upon to preserve evidence during the time period this case is stayed. This despite the representation from Rally's counsel that Rally understands its obligations to preserve evidence and that it will comply with these obligations. For the following reasons, Defendant Rally believes Plaintiff's motion should be denied as moot.

On May 06, 2008, Plaintiff requested certain assurances that (1) Defendant would preserve evidence within its control; (2) Defendant would preserve evidence <u>in the control of third parties</u>; and (3) Defendant would provide initial disclosures pursuant to Rule 26(a). See Kramer letter dated May 06, 2008, Plaintiff's Motion, Kramer Decl., ¶ 4, Exhibit A. On May 23, 2008, Defendant Rally responded to acknowledge its duty to preserve all evidence within its control throughout the stay of this action. However, Defendant Rally declined to provide initial disclosures under Rule 26(a) because this is exactly the type of unnecessary and burdensome discovery that may be rendered moot by the pending reexamination before the U.S. Patent and Trademark Office. Understandably, Rally could not and did not agree to preserve evidence in the possession of third parties. See Stavish letter dated May 23, 2008, Plaintiff' Motion, Kramer Decl. ¶ 4, Exhibit A.

In its Motion, Plaintiff has requested the following four (4) discovery items:

1. Confirmation of preservation of all prototypes and production molds used in the production of the Accused Products if they are within possession, custody, or control of named Defendants;

2. Confirmation of preservation of all design and technical documents for the Accused Products that are in the possession, custody, or control of named Defendants;

3. Sworn identification of the company name(s) and address(es) of all non-party manufacturers, suppliers, and importers for the Accused Products;

and

4. Court leave to use appropriate procedural steps to acquire the above-listed categories of evidence from, and/or conduct plant inspections of, non-parties.

See Plaintiff's Motion at page 2.

## II. DEFENDANT RALLY'S RESPONSE

### A. Items 1 and 2 from Plaintiff's Motion

Defendant Rally has already agreed to preserve the evidence specified in items 1 and 2 above, stating "Of course, my client understands its duty to preserve evidence during the stay." See May 23, 2008 Letter from Counsel for Rally, Plaintiff's Motion, Kramer Decl. ¶ 4, Exhibit A. Lest there be no doubt, Rally hereby confirms it has agreed to preserve the evidence identified in items 1 and 2 of Plaintiff's Motion. Therefore, Plaintiff's request for the first two items in Plaintiff's Motion is moot.

### B. Item 3 from Plaintiff's Motion

Regarding Item #3, Defendant Rally hereby identifies the single manufacturer for the Accused Product as the following company, by name and address; a company not named in this action:

Autotek Products Limited

806-7 Heng Ngai Jewelry Center

4 Hok Street East, Hungkom, Kowloon

Hong Kong

Autotek Products Limited ("Autotek") is the sole entity in possession, custody and control of the tooling for the Accused Products.

Based on the foregoing, Defendant Rally believes it has adhered to the request

of Item # 3 set forth in Plaintiff's Motion[1].

### C. Item 4 from Plaintiff's Motion

The impropriety of Plaintiff's motion is more apparent upon its failure to properly account for the standard for considering a motion to preserve evidence under *Jacobs v. Scribner* Slip Copy, 2007 WL 1994235 (E.D. Cal. 2007). Indeed, *Jacobs*, clearly requires consideration of "the capability" of Defendant Rally "to maintain the evidence sought to be preserved…" *Id.* at *1. (emphasis added).

Defendant Rally lacks the ability to consent to preservation of evidence or consent to plant inspections of non-parties' facilities; particularly when, as here, the third party is located outside the United States. Rally does not object to Plaintiff's request, except to the extent that Rally is without the ability or authority to consent to Plaintiff's requests. If Plaintiff wishes to seek evidence from foreign non-party companies, it should follow appropriate international procedures to secure such evidence. Certainly, Defendant Rally lacks the requisite "capability" to maintain the evidence sought to be preserved from third party, foreign corporations. Therefore, Defendant Rally simply cannot provide the information sought in item 4 of Plaintiff's Motion.

Finally, Plaintiff has failed to show that there is a legitimate concern that the evidence it seeks will be unavailable when, and if, the Stay is lifted. Defendant Rally notes that since the patent-in-suit has *expired*, Rally and any third parties such as Autotek Products Limited are free to produce the accused product. Accordingly, there is no reason for any third parties to destroy the tooling since they are free to use it at this time.

---

[1] Plaintiff's Motion seeks a "sworn identification" of the company name and address provided by Defendant Rally, but it believes that a sworn statement is not required in this instance. If the Court believes that a sworn statement is necessary, Defendant Rally will provide the requisite sworn statement.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion as moot and/or unnecessary and unduly burdensome.

DATED: July 25, 2008

Respectfully submitted,

FULWIDER PATTON LLP

By: s/Jessica Brookhart-Knost
Gary M. Anderson
Jessica Brookhart-Knost
Attorneys for Defendant Rally Manufacturing, Inc.

# CERTIFICATE OF SERVICE

I certify that on **July 25, 2008**, the foregoing **NOTICE OF OPPOSITION AND OPPOSITION TO PLAINTIFF'S MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE** was electronically filed the with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participant(s) e-mail address(es) denoted on the attached Electronic Mail Notice List.  For Parties who are not Filing Users, I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participant(s), if any, indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **July 25, 2008**.

                                          s/Jessica Brookhart-Knost
                                        Jessica Brookhart-Knost

298997.1

# Mailing Information for a Case 3:08-cv-00305-BTM-CAB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Gary M Anderson**
  ganderson@fulpat.com,LitDocketLA@fulpat.com

- **Jessica Brookhart-Knost**
  jknost@fulpat.com,litdocketla@fulpat.com

- **James Michael Kaler**
  michael@kalerlaw.com,funlawguy@yahoo.com

- **Melody A Kramer**
  mak@kramerlawip.com,esbjork@gmail.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`